IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

| | | |
|---|---|---|
| MEREDITH L. JANSEN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE #: 1:06-CV-403-WHA |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., & | ) | **JURY DEMAND** |
| RAYAD MOHAMMAD, INDIVIDUALLY, A/K/A | ) | |
| RAY MCGHIE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**SECOND AMENDED COMPLAINT**

**I. INTRODUCTION**

1. This is a Complaint for damages for actual, statutory, and punitive damages brought by the Plaintiffs, Meredith L. Jansen against the Defendants, NCO Financial Systems, Inc. and Rayad Mohammad, individually, a/k/a Ray McGhie, for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA"); the Defendants' invasion of the Plaintiff's right of privacy; the Defendants' intentional infliction of emotional distress; and the Defendant's, NCO Management Services, Inc.'s, negligent supervision.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper in that the Defendants regularly transact business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Meredith L. Jansen, is a natural person residing in Coffee County, Alabama.

5. Defendant, NCO Financial Systems, Inc. (hereinafter, "NCO") is a Pennsylvania corporation engaged in the collection of debts from consumers using the mail and telephone. The Defendant, NCO, regularly attempts to collect consumer debts alleged to be due another. Defendant, NCO, is a debt collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's principal place of business is located at 507 Prudential Road, Horsham, Pennsylvania 19044.

6. Defendant, Rayad Mohammad a/k/a Ray McGhie (hereinafter, "McGhie"), is an individual engaged in the collection of debts from consumers using the mail and telephone. The Defendant regularly attempts to collect debts alleged to be due another. Defendant is a debt collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's place of residence is believed to be located at 111 Cosburn Avenue, Apt. 201, Toronto, Ontario M4J2L1.

7. The alleged debt was for personal, family, or household purposes.

### IV. FACTUAL ALLEGATIONS

8. On or about March 1, 2006 through April 6, 2006, the Defendants, or employees of the Defendant, NCO, engaged in conduct which harassed, oppressed, and abused the Plaintiff in an attempt to collect an alleged debt.

9. On or about March 31, 2006, the Plaintiff, as Debtor, filed a voluntary petition under Chapter 7, Title 11 United States Code. The bankruptcy case was filed in the United States Bankruptcy Court for the Middle District of Alabama, Southern Division, case number 06-10245-DHW.

10. Relief was granted pursuant to 11 U.S.C. § 362(a) on March 31, 2006. The relief also initiated an automatic stay, which prohibited certain collection activity by creditors.

11. On or about March 31, 2006 or April 1, 2006, the Plaintiff notified the Defendants, or employees of the Defendant, NCO, that she filed for Chapter 7 bankruptcy relief.

### COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT.

12. Plaintiff, Meredith L. Jansen, adopts and incorporates paragraphs 1 through 11 as if fully set out herein.

13. Defendants violated the FDCPA, 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff in connection with the collection of an alleged debt wherein the debt collector knew the consumer was represented by an attorney with respect to such debt.

14. Defendants violated the FDCPA, 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

15. Defendants violated the FDCPA, 15 U.S.C. § 1692d(5) by engaging the Plaintiff in telephone conversation repeatedly and continuously with the intent to annoy, harass, or abuse the Plaintiff at the called number.

16. Defendants violated the FDCPA, 15 U.S.C. § 1692e and § 1692e(10) by using false, deceptive, or misleading representations or means in connection with collection of an alleged debt.

17. Defendants violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take action which could not legally be taken nor which was intended to be taken.

18. As a proximate consequence of the Defendants' violation of the FDCPA, the Defendants have caused the Plaintiff to suffer great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

### COUNT II - VIOLATION OF BANKRUPTCY AUTOMATIC STAY

19. Plaintiff, Meredith L. Jansen, adopts and incorporates paragraphs 1 through 18 as if fully set out herein.

20. On or about April 5, 2006, at approximately 2:00 p.m., Defendant, McGhie, contacted Plaintiff seeking to collect a debt. At that time, the Plaintiff informed the Defendant, McGhie, that she filed for bankruptcy relief, and provided her attorney's name and telephone number.

21. On or about April 5, 2006, at approximately 2:30 p.m., Defendant, NCO, by and through an unknown employee, contacted the Plaintiff seeking to collect a debt.

22. On or about April 5, 2006, at approximately 8:00 p.m., Defendant, NCO, by and through its employee, Defendant, McGhie, called the Plaintiff and verbally abused her over the telephone.

23. On or about April 5, 2006, at approximately 8:05 p.m., the Defendant, NCO, by and through its employee, Defendant, McGhie, contacted the Plaintiff in an attempt to collect a debt.

24. On or about April 6, 2006, at approximately 1:50 p.m., the Defendant, NCO, by and through its employee, Defendant, McGhie, contacted the Plaintiff in an attempt to collect a debt.

25. 11 U.S.C. § 362(a)(6) prohibits any "act to recover a claim against the [Plaintiff] that arose before the commencement of the [bankruptcy] case...."

26. The Defendant, NCO, by and through its employee, Defendant, McGhie, was fully aware of the Chapter 7 bankruptcy case.

27. The Defendant, NCO, received at least five (5) notifications of the order for relief and the imposition of the automatic stay.

28. The Defendants willfully violated the automatic stay by continuing to contact the Plaintiff in order to attempt to collect a debt.

29. As a proximate consequence of the Defendants' willful violation of the automatic stay, the Plaintiff has suffered damages consisting of great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

30. All of the Defendants' actions rise to the level of willfulness.

### COUNT III - INVASION OF THE RIGHT OF PRIVACY

31. Plaintiff, Meredith L. Jansen, adopts and incorporates paragraphs 1 through 31 as if fully set out herein.

32. The Defendants undertook a series of telephone calls and communications to the Plaintiff constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama. Said communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiff's right to privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiff into paying a claim, debt, or indebtedness.

33. The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff would prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held themselves out to be collectors and employees of Defendant, NCO, and persons and agents acting on behalf of Defendant, NCO, along with the individual Defendant, McGhie, named herein.

34. Said communications constitute an unwarranted and wrongful intrusion into Plaintiff's private activities as well as intentional intrusion into the Plaintiff's solitude and seclusion.

35. The Defendants, NCO and McGhie, have committed the acts complained of herein in the State of Alabama.

36. As a proximate consequence of the invasion of the right of Plaintiff's privacy, the Defendants have caused the Plaintiff to suffer wrongful intrusion into the Plaintiff's private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff, Meredith L. Jansen, adopts and incorporates paragraphs 1 through 36 as if fully set out herein.

38. As a proximate consequence and result of the invasion of the right of privacy as delineated in Count III and as a result of making the telephone calls and threats, the Defendants' actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and coerce and create great mental and physical pain and damage. The Plaintiff was caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, weak and sick, and caused to suffer great fear, fright, and intimidation. The Defendants, NCO and McGhie, are a corporation, individual, or individuals employed by the corporation and have committed the acts complained of herein in the State of Alabama.

39. As a proximate consequence of the Defendants' intentional infliction of emotional distress, the Defendants have caused the Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

### COUNT V - NEGLIGENT SUPERVISION

40. Plaintiff, Meredith L. Jansen, adopts and incorporates paragraphs 1 through 39 as if fully set out herein.

41. As a proximate consequence and result of the invasion of privacy and the intentional infliction of emotional distress, as delineated in Counts III and IV, the Defendant, NCO's, action, constitutes negligent supervision and training of its personnel hired for the purpose of collecting debts.

42. The Defendant, NCO, had notice or knowledge, either actual or presumed, of its servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendant, NCO, in the exercise of due care must have had notice of such action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Meredith L. Jansen, respectfully this Honorable Court enter judgment against the Defendants, NCO Financial Systems, Inc. and Ray McGhie, individually, for the following:

a) Actual damages;

b) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c) Punitive damages;

d) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

e) For such other relief that is just.

Respectfully submitted this **14th** day of **July**, 2006,

BROCK & STOUT

*/s/ David G. Poston*
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal02@centurytel.net