IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MEREDITH L. JANSEN, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. 1:06 CV 403-VPM |
| | ) | |
| VS. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| AND RAY MCGHIE, | ) | |
| INDIVIDUALLY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

### ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, NCO Financial Systems, Inc. (NCO), which responds to the Complaint filed by Plaintiff, Meredith L. Jansen, as follows:

### I. INTRODUCTION

1. NCO admits that Plaintiff purports to bring this action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, but denies any liability or violations to the extent alleged in ¶ 1.

### II. JURISDICTION AND VENUE

2. NCO admits the allegations in ¶ 2 for jurisdiction purposes only.

3. NCO admits the allegations in ¶ 3 for venue purposes only.

1

## III.  PARTIES

4. NCO denies the allegations in ¶ 4 for lack of sufficient information to justify a belief therein.

5. NCO admits that it is a Pennsylvania corporation with its principal place of business is in Horsham, Pennsylvania. NCO further admits that it regularly engages in the collection of debt.  NCO refers all questions of law to the Court.  Except as specifically admitted, NCO denies the remaining allegations in ¶ 5.

6. NCO denies the allegations in ¶ 6 for lack of sufficient information to justify a belief therein.

7. NCO denies the allegations in ¶ 7 for lack of sufficient information to justify a belief therein.

## IV.  FACTUAL ALLEGATIONS

8. NCO denies the allegations in ¶ 8.

9. NCO denies the allegations in ¶ 9 for lack of sufficient information to justify a belief therein.

10. NCO denies the allegations in ¶ 10 for lack of sufficient information to justify a belief therein.

11. NCO admits that its records reflect that it received information as to Plaintiff's bankruptcy on or about April 9, 2006. Except as specifically admitted, NCO denies the remaining allegations in ¶ 11.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. In response to ¶ 12, NCO incorporates by reference its admissions and denials set forth in all of the above paragraphs.

13. NCO denies the allegations in ¶ 13.

14. NCO denies the allegations in ¶ 14.

15. NCO denies the allegations in ¶ 15.

16. NCO denies the allegations in ¶ 16.

17. NCO denies the allegations in ¶ 17.

18. NCO denies any liability or violations to the extent alleged in ¶ 18. NCO denies all remaining allegations in ¶ 18 for lack of sufficient information to justify a belief therein.

## COUNT II

## VIOLATION OF BANKRUPTCY AUTOMATIC STAY

19. In response to ¶ 19, NCO incorporates by reference its admissions and denials set forth in all of the above paragraphs.

20. NCO denies the allegations in ¶ 20.

21. NCO denies the allegations in ¶ 21.

22. NCO denies the allegations in ¶ 22.

23. NCO denies the allegations in ¶ 23.

24. NCO denies the allegations in ¶ 24.

25. The allegations in ¶ 25 are not directed towards NCO and do not require an affirmative response. To the extent Plaintiff asserts any facts, such facts are denied.

26. NCO admits that its records reflect that it received notice of Plaintiff's bankruptcy on or about April 9, 2006. Except as specifically admitted, NCO denies the remaining allegations in ¶ 26.

27. NCO denies the allegations in ¶ 27.

28. NCO denies the allegations in ¶ 28.

29. NCO denies any liability or violations to the extent alleged ¶ 29. NCO denies all remaining allegations for lack of sufficient information to justify a belief therein.

30. NCO denies the allegations in ¶ 30.

## COUNT III

## INVASION OF THE RIGHT OF PRIVACY

31. In response to ¶ 31, NCO incorporates by reference its admissions and denials set forth in all of the above paragraphs.

32. NCO denies the allegations in ¶ 32.

33. NCO denies the allegations in ¶ 33.

34. NCO denies the allegations in ¶ 34.

35. NCO denies the allegations in ¶ 35.

36. NCO denies any liability or violations to the extent alleged in ¶ 36. NCO denies all remaining allegations in ¶ 36 for lack of sufficient information to justify a belief therein.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. In response to ¶ 37, NCO incorporates by reference its admissions and denials set forth in all of the above paragraphs.

38. NCO denies any liability or violations to the extent alleged in ¶ 38. NCO denies all remaining allegations for lack of sufficient information to justify a belief therein.

**39.** NCO denies any liability or violations to the extent alleged in ¶ 39. NCO denies all remaining allegations for lack of sufficient information to justify a belief therein.

## COUNT V

## NEGLIGENT SUPERVISION

40. In response to ¶ 40, NCO incorporates by reference its admissions and denials set forth in all of the above paragraphs.

41. NCO denies the allegations in ¶ 41.

42. NCO denies the allegations in ¶ 42.

## PRAYER FOR RELIEF

43. In response to the WHEREFORE paragraph, NCO denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

AND NOW, in further answer to the Complaint, NCO avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more counts/claims of the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692(k), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by applicable statutes of limitation.

**FOURTH AFFIRMATIVE DEFENSE**

Assuming that Plaintiff suffered any damages, Plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

**FIFTH AFFIRMATIVE DEFENSE**

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

WHEREFORE, based on the foregoing, Defendant, NCO, respectfully requests that this Answer be deemed good and sufficient; Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost; that pursuant to federal and state law, Plaintiff be ordered to pay the reasonable attorney's fees and costs for NCO, as prevailing party under federal and state law, and for all other general and equitable relief.

*s/Laura C. Nettles*
Laura C. Nettles, Esq. (ASB-5805-S63L)
Attorney for Defendant,
NCO Financial Systems, Inc.

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD
2501 20th Place South, Suite 300
Birmingham, AL  35223
Telephone: (205) 967-8822
Facsimile:   (205) 967-2380


### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document to all attorneys of record by electronically filing the foregoing document with the United States District Court, Middle District of Alabama on this the  11t[h]  day of  August , 22006:

David G. Poston, Esq.
BROCK & STOUT
Post Office Drawer 311167
Enterprise, Alabama 35331


                                            *s/Laura C. Nettles*
                                            Of Counsel