IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: * | |
| * | |
| MEREDITH L. JANSEN * | |
| * | CASE NO. 1:06-cv-00403-VPM |
| PLANTIFF, * | |
| * | |
| VS. * | |
| * | |
| NCO FINANCIAL SYSTEMS, INC., * | |
| AND RAY MCGHIE, INDIVIDUALLY, * | |
| * | |
| DEFENDANTS. * | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiff alleged that the defendant violated the Fair Debt Collection Practices Act, and posed standard discovery aimed at the defendant's collection practices. Some of the issues in the case relate to the affirmative defense of bona fide error notwithstanding maintenance of procedures reasonably adopted to avoid such error.

## DISCOVERY PRINCIPLES

Plaintiff is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

It is the defendant's burden to persuade the Court that the information it has refused to provide is outside the broad scope of discovery. *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); *Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981); *US v. 58.16 Acres of Land*, 66 F.R.D. 570 (1975).

Boilerplate objections are ineffectual: *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593–94 (W.D.N.Y. 1966) (blanket objections are insufficient).

Denying a party discovery as to issues in the case prejudices the plaintiff's ability to prosecute. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980); *Matter of Rassi*, 701 F.2d

627, 631 (7th Cir. 1983); *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (abuse to fail to adhere to the liberal spirit of the rules.)

      8.      Any and all collection manuals, all written procedural instructions and regulations regarding and governing collection activities, collection procedures, and collection practices utilized by the Defendants for the three (3) years prior to the filing of the lawsuit herein.

Defendant objects to this request to the extent it is overbroad, burdensome and seeking confidential and proprietary information irrelevant to the allegations complained in the complaint. Notwithstanding said objections, NCO will produce whatever potentially responses materials it may have upon of a received fully executed confidentiality agreement, which is attached.

Defendant's response is inconsistence with its affirmative defense of bona fide error. The information sought in Request for Production #4 is vital to Plaintiff's discovery as to the training procedures involved to avoid the very violations made the basis of Plaintiff's suit.

      9.      Each and every manual, collectors' handbook, document, book, record, instruction, regulation, and memoranda concerning collections from consumers, and collections on consumer accounts, including, but not limited to, telephone calls and personal visitations in the control of or possession of Defendants, which was in effect at any time during the two (2) years prior to the filing of this lawsuit.

Defendant objects to this request to the extent it is overbroad, burdensome and seeking confidential and proprietary information irrelevant to the allegations complained in the complaint. Notwithstanding said objections, NCO will produce whatever potentially responses materials it may have upon of a received fully executed confidentiality agreement, which is attached.

Defendant's response is inconsistence with its affirmative defense of bona fide error. The information sought in Request for Production #5 is vital to Plaintiff's discovery as to the training procedures involved to avoid the very violations made the basis of Plaintiff's suit.

## CONCLUSION

Defendants' objections are both boilerplate and unsubstantiated. Plaintiff's Motion to Compel should be granted in all respects.

s/ *Gary W. Stout*
Gary W. Stout, Esq.
David Poston, Esq.
Attorneys for Plaintiff
Brock & Stout, L.L.C.
P. O. Box 311167
Enterprise, AL  36331-1167
(334) 393-4357

(334) 393-0026 facsimile

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was served upon the following: Laura Nettles, Esq., Lloyd, Gray & Whitehead, P.C., Attorney for Defendant, 2501 20th Place South, Suite 300, Birmingham, AL  35223, David Israel, Sessions, Fishman & Nathan, L.L.P., 3850 N. Causeway Blvd., Suite 1240, Metairie, La  70002, Ken Grace, 9009 Corporate Lake Drive, Suite 300S, Tampa, FL  33634, the Court's Electronic Case Filing System or placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 4th  day of October , 2006.

s/ *Gary W. Stout*
Gary W. Stout, Esq.