IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MEREDITH L. JANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06CV403-WHA |
| | ) | [WO] |
| NCO FINANCIAL SYSTEMS, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Upon consideration of the plaintiff's Motion to Compel, filed on 4 October 2006 (Doc. # 18), it is hereby

ORDERED that the motion be DENIED pursuant to the Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993.

The applicable provisions of this court's General Order reads as follows:

> the court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made a reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith *conference* before seeking court intervention. Discovery motions filed pursuant to these Rules **must be**

*accompanied by a certification* that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. This court has interpreted the requirement to confer as a requirement that the parties conduct an in-person conference to facilitate a good faith effort to settle the dispute. While such a conference may not be feasible in this case, the motion fails to articulate any effort to resolve the discovery dispute.

      DONE this 5th day of October, 2006.

                                      /s/ Vanzetta Penn McPherson
                                      VANZETTA PENN MCPHERSON
                                      UNITED STATES MAGISTRATE JUDGE