IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MEREDITH L. JANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06CV403-WHA |
| | ) | [WO] |
| NCO FINANCIAL SYSTEMS, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Upon consideration of the plaintiff's Second Motion to Compel, filed on 10 October 2006 (Doc. # 20), and for good cause, it is

ORDERED that, on or before 18 October 2006, the defendant shall file its response to the motion. In filing its motion, and with respect to each of the two requests, the defendant is DIRECTED separately to:

1. State the specific reason for its failure to produce the requested documents;

2. State the legal basis and authority for withholding documents because they are "confidential and proprietary";

3. State the legal basis and authority for withholding documents upon the condition of receiving a "fully executed confidentiality agreement";

4. Limit its response to requests # 8 and # 9, as propounded by the plaintiff and as set forth in the memorandum supporting the motion to compel;

5. State whether any of the documents requested are privileged and the basis for

    asserting the privilege; and

6. State whether any of the documents requested constitute work produce, and if so, the litigation for which each such document was prepared and the name(s) of the lawyers under whose direction each document was prepared.

  The discovery motions filed in this litigation to date indicate a likelihood that counsel for the parties may not have engaged in good faith, personal communications one with the other. The court is reluctant to become involved in the resolution of discovery disputes, especially when they involve minor matters such as assessing a party's conditioning of its obligation to produce documents upon another's willingness to sign a confidentiality agreement not explicitly mandated by legal authority.

  Because this court - like all federal courts - considers many pressing substantive matters on a daily basis, it is imperative that counsel exercise due diligence (1) to make only reasonable and necessary discovery requests; (2) to avoid discovery disputes, especially those that are foreseeable; (3) to communicate promptly and directly with each other when differences surface; and (4) to cooperate as Officers of the Court with each other and with the court in the resolution of discovery disputes.

  In the interest of preserving already-scarce litigation resources for everyone, counsel are advised to apply a conciliatory - rather than an adversary - approach to the resolution of their discovery disputes. Their failure to do so will invite this court's consideration of sanctions upon the offending party or counsel. The parties are further reminded that the Court of Appeals has upheld the award of sanctions against a law firm and its client for discovery abuses. See *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045 (11th

Cir. 1994); ***Pesaplastic, C.A. v. Cincinnati Milacron Co.***, 799 F.2d 1510 (11th Cir. 1986). ***See also***

***Levin & Associates, P.A. v. Rogers***, (Nos. 94-4368, 94-4586 and 96-4345), 11th Cir., 9/29/98.

DONE this 11th day of October, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE