**EXHIBIT "A"**



**SESSIONS
FISHMAN
& NATHAN**LLP

ATTORNEYS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
www.sessions-law.com

KENNETH C. GRACE
Office: 813-890-2465
Fax: 813-889-9757
kgrace@sessions-law.com
Respond to Tampa Office

October 2, 2006

<u>Via Fax: 334-671-2689 & U.S. Regular Mail</u>

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary Wyatt Stout, Esq.
803 East Lee Street
Enterprise, Alabama 36330

   Re: *Meredith L. Jansen v. NCO Financial Systems, Inc., et al.*
     **No. 06-CV-403-VPM, USDC, Middle District of Alabama, Southern Division**

Dear Counselors:

  We are in receipt of your letter dated September 25, 2006. We have reviewed the referenced discovery requests and responses and agree with you that the requested corporate collection practices training materials, policies, procedures, instructions, and regulations are discoverable and relevant; however, they are also corporate propriety information. These materials, which would be responsive to the discovery requests, are private, confidential, and valuable processes - information that defendant's competitors would like to possess. We have no problem providing those documents and items to you but must insist upon the execution of a confidentiality agreement. Subsequently, you would be able to share those documents and items with co-counsel, your staff, your client, and any expert witnesses. Enclosed for your review is a proposed confidentiality agreement; the terms and conditions are not overly restrictive and are very reasonable.

  We are somewhat perplexed by your position with regard to this matter as you have given us no reason or explanation at all for your not wanting to execute such an agreement. Your statement, "I'm just not going to sign it" is not a valid or legal reason for refusing to execute such an agreement.

  We have already requested the relevant documents and items from our client so that they can be produced immediately upon the execution of the agreement. We hope

| LOUISIANA | LOUISIANA | FLORIDA | ILLINOIS | CALIFORNIA |
|---|---|---|---|---|
| 201 St. Charles Ave. | Lokeway Two, Suite 1240 | 9009 Corporate Lake Drive | SFN of Illinois, L.L.C. | SFN in California, L.L.P. |
| Suite 3500 | 3850 N. Causeway Blvd. | Suite 300-S | 1000 Skokie Blvd., Suite 430 | 3667 Voltaire St. |
| New Orleans, LA 70170-3500 | Metairie, LA 70002-1752 | Tampa, FL 33634-2367 | Wilmette, IL 60091 | San Diego, CA 92106 |
| Tele: (504) 582-1500 | Tele: (504) 828-3700 | Tele: (813) 890-2461 | Tele: (847) 853-6100 | Tele: (619) 758-1891 |
| Fax: (504) 582-1555 | Fax: (504) 828-3737 | Fax: (813) 889-9575 | Fax: (847) 853-6105 | Fax: (619) 222-3667 |

# SESSIONS FISHMAN & NATHAN LLP

Gary Stout, Esq.
October 2, 2006 – Page 2

that you will reconsider your position in that executing a confidentiality agreement certainly does no harm and serves to protect defendant's corporate proprietary items and documents from unauthorized disclosure.

    Please call with any questions.

Sincerely,

*/s/ David Israel*

David Israel, Esq.
Signed by Kenneth C. Grace, Esq.
to prevent delay

DI:kcg
enclosure

cc:    Laura Nettles, Esq.
       Kenneth C. Grace, Esq.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MEREDITH L. JANSEN, ) | |
| ) | |
| PLAINTIFF, ) | CASE NO. 1:06 CV 403-VPM |
| ) | |
| VS. ) | |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| AND RAY MCGHIE, INDIVIDUALLY, ) | |
| ) | |
| DEFENDANTS. ) | |

## STIPULATED CONFIDENTIALITY AGREEMENT

IT IS HEREBY STIPULATED:

Defendant, NCO Financial Systems, Inc. (NCO), and plaintiff, Meredith L. Jansen, hereinafter referred to as the parties to this agreement, and their attorneys and representatives have agreed that certain documents, things, materials, and/or information derived therefrom, which may be provided by a party to this agreement should be treated as confidential, hereinafter referred to as "Confidential Material," if so designated by the producing party to this agreement. NCO and plaintiff agree to be bound by the following provisions:

1. The parties to this agreement agree that the disclosure of Confidential Material may have the effect of causing harm to the person, firm, corporation, or organization from which the information was obtained.

2. Any party to this agreement may designate materials as "Confidential Material" to the extent that the party, through counsel, believes such materials are confidential because they

1

include: confidential business or technical information; trade secrets; proprietary business methods or practices; or personal information regarding plaintiff or other debtors.

3.      This Confidentiality Agreement is without prejudice to the right of any party to this agreement to contest a designation of Confidential Material as inappropriate. In the event a party receiving materials marked "CONFIDENTIAL" believes that certain material has been improperly so designated, it may communicate that fact to counsel for the producing party identifying the material at issue in writing. If a party communicates a challenge to a designation, counsel for the producing party will then have twenty (20) business days from the date of any such notice to submit the challenged materials to the Court, along with a motion seeking to adjudicate the confidentiality of the materials at issue. The parties may jointly agree to extend the time for filing such a motion, if they believe doing so will avoid the potentially unnecessary expenditure of resources by the Court. The challenging party then has twenty (20) business days from the date of the filing of the motion by the producing party to submit a memorandum to the Court objecting to the designation of the materials at issue as Confidential Material. All materials at issue shall be treated as Confidential until the Court rules otherwise. Nothing in this agreement shall shift the burden of proof on this motion from the party asserting that the material is confidential.

4.      Confidential Material and any summaries, copies, abstracts, or other documents derived in whole or in part from same shall be used only for the purpose of the prosecution, defense, or settlement of this case.

5.      Confidential Material may be referred to in pleadings, motions, and briefs and may be used in depositions and marked as deposition exhibits in this case. However, no such Confidential Material shall be used for any of these purposes unless it, or the portion of the paper

in which it is revealed, is appropriately marked "CONFIDENTIAL" and filed under seal with this Court.

6.  Confidential Material produced pursuant to this agreement may be disclosed or made available only to counsel for the parties to this agreement (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the parties to this agreement, their officers, directors, or employees, or to an expert witnesses for his/her testimony on behalf of the parties to this agreement in this case.

7.  This agreement shall not prevent disclosure to the persons who were the authors, addressees, or recipients of the Confidential Material. Counsel may discuss the conduct or affairs referred to in the Confidential Material with persons who, without disclosure of the conduct or affairs to them by anyone in the course of the case, first indicate that they have knowledge of such conduct or affairs. Such discussion shall not constitute disclosure within the meaning of this agreement.

8.  The restrictions and obligations relating to the Confidential Material in accordance with this agreement shall not apply to anything upon which all parties to this agreement agree in writing or which the Court rules was publicly known at the time it was produced to the receiving party to this agreement or which has since become publicly known through no fault of the receiving party to this agreement.

9.  In the event that any Confidential Material is used in any proceeding in this case, it shall not lose its confidential status through such use and the party to this agreement using such Confidential Material agrees to use its best efforts to maintain its confidentiality during such use.

10.  No provision of this agreement shall be construed as a requirement that any party to this agreement disclose privileged information or as a waiver of any privilege by any party to this

agreement. This agreement shall not be construed as a waiver by the parties to this agreement of any objection, which may arise as to the admissibility of any document or information. This agreement shall be without prejudice to the right of any party to this agreement to oppose the production of any information or document on grounds of lack of relevance or materiality or for any other purpose.

11. If there is a breach or threatened breach of this agreement, the parties to this agreement acknowledge that the non-breaching party to this agreement shall be entitled to an injunction restraining the breaching party to this agreement from such breach. Nothing herein shall be construed as prohibiting the non-breaching party to this agreement from pursuing any other remedies for any breach or threatened breach.

12. This agreement shall survive the termination of this case. Within thirty (30) days of the termination of this case, or any appellate proceedings related thereto, the parties to this agreement shall assemble and return to each other all documents, or other material designated as "CONFIDENTIAL" and all copies, except for court exhibits.

13. Nothing in this agreement shall prevent any party to this agreement in this case from seeking modification of this agreement. The intent of this agreement is to provide a mechanism by which the parties to this agreement may protect their confidences and personal and sensitive proprietary information during litigation of this case.

IT IS SO STIPULATED:

Dated this _____ day of October, 2006.

_____     _____
Michael D. Brock, Esq.                David Israel, Esq.
Gary Wyatt Stout, Esq.

4

David G. Poston, Esq.
Law Offices of Brock and Stout
P.O. Drawer 311167
Enterprise, Alabama 36331-1167
Phone 334.393.4357
Facsimile 334.393.0026

Attorneys for Plaintiff,
Meredith L. Jansen

SESSIONS, FISHMAN & NATHAN
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
Phone: (504) 838-3700
Facsimile: (504) 828-3737

Laura C. Nettles, Esq.
LLOYD, GRAY & WHITEHEAD
2501 20th Place South, Suite 300
Birmingham, AL 35223
Telephone: (205) 967-8822
Facsimile: (205) 967-2380

Attorneys for Defendant,
NCO Financial Systems, Inc.